IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| NORRIS R. MCCOY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 315-047 |
| ) | |
| TIFFANY WOOTEN, Nurse; WILLIAM ) | |
| SIKES, Lieutenant; KEVIN ASHLEY, ) | |
| Sergeant; WILLIAM DANFORTH, ) | |
| Warden, ) | |
| ) | |
| Defendants. ) | |

_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Plaintiff, an inmate at Telfair State Prison in Helena, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

### I. SCREENING OF THE COMPLAINT

#### A. BACKGROUND

Plaintiff names the following as Defendants: (1) Nurse Tiffany Wooten; (2) Lieutenant William Sikes; (3) Sergeant Kevin Ashley; and (4) Warden William Danforth. (See doc. no. 1, pp. 2, 3). Taking all of Plaintiff's factual allegations as true, as the Court must when screening his complaint, the facts are as follows.

On November 18, 2014, Lieutenant Sikes and Nurse Wooten ordered Plaintiff to extend his arm through the tray slot in his cell door to receive a tuberculosis vaccination. (Id. at 4.) Plaintiff refused the shot and asked to sign a Refusal Form, in accordance with Georgia Department of Corrections' ("GDC") Standard Operating Procedure ("SOP") VH82-0002. (Id.) Lieutenant Sikes and Nurse Wooten did not provide Plaintiff with this form, and instead told Plaintiff that they would do this the "easy way, or hard way." (Id.) After Lieutenant Sikes called for additional support, prison personnel handcuffed and removed Plaintiff from his cell. (Id.) As Plaintiff pled to not be vaccinated and resisted by jerking his arms, Lieutenant Sikes and Officer Ashley incapacitated Plaintiff, allowing Nurse Wooten to vaccinate Plaintiff. (Id.) Sergeant Faison and Officer McCullough, who are not named as defendants, documented this incident. (Id. at 4, 5.) Shortly after the injection, Plaintiff was brought to the medical unit because of excessive vomiting. (Id. at 5.) Lieutenant Sikes filed a disciplinary report against Plaintiff, in which Plaintiff claims Lieutenant Sikes admitted "to forcing the shot." (Id. at 12.) Plaintiff's cellmates produced witness reports detailing the incident. (Id.)

Plaintiff alleges that Defendants Wooten, Sikes, and Ashley's actions in forcing his vaccination violates SOP VH82-0001, which purportedly prohibits forced physical examinations, and SOP VH82-0002, which purportedly grants inmates the right to refuse treatment. (Id. at 11, 12.) Furthermore, Plaintiff claims that the vaccination constitutes the forced injection of an unknown substance and assault with a deadly weapon, in violation of the Eighth Amendment's prohibition on cruel and unusual punishment. (Id. at 13, 14.) Plaintiff requests a declaration that the vaccination constituted a constitutional violation plus $60,000 in compensatory damages and $60,000 in punitive damages. (Id.)

2

**B. DISCUSSION**

**1. Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must

3

provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim for Violation of the Eighth Amendment or the Due Process Clause.

Plaintiff's allegation that prison officials engaged in cruel and unusual punishment in forcibly giving a tuberculosis vaccination fails to state an Eighth Amendment claim. "Deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." Id. at 104 (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). To state a claim for deliberate indifference, a prisoner must show "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999).

Because Defendants, through the administration of a tuberculosis vaccination, were actually treating Plaintiff, there was no subjective knowledge of a risk of serious harm. If anything, the subjective knowledge of the prison officials was that the vaccine would help protect Plaintiff against a communicable disease. Even if Plaintiff alleged that improper administration of the vaccine lead to his nausea, such a complaint would, at most, amount to a claim of medical malpractice which is not actionable under the Eighth Amendment. See

4

Smith v. Florida, 215-CV-183, 2015 WL 1310973, at *2 (M.D. Fla. Mar. 24, 2015) (finding improperly administered vaccine only states claim for medical malpractice).

Furthermore, any claim Plaintiff is attempting to bring under the Due Process Clause fails because the prison's interest in vaccinating prisoners against tuberculosis vastly outweighs any interest Plaintiff may have in refusing unwanted medical care. (Doc. no. 1, p. 5.) Forced medical treatment "does not violate an inmate's due process rights if it is 'reasonably related to legitimate penological interests.'" Minor v. Brown, 2012 WL 1410030, *3 (S.D. Ga. March 27, 2012) (quoting Washington v. Harper, 494 U.S. 210, 223 (1990)); see also Dunn v. Zenk, 2007 WL 2904170 (N.D. Ga. October 1, 2007) (holding that forced medication of prisoner does not violate Due Process Clause). In considering whether unwanted medical treatment violates a prisoner's Due Process rights, an inmate's right to refuse treatment is weighed against the prison's legitimate penological interests in administering the treatment. See Cruzan v. Director, Missouri Dept. of Health, 497 U.S. 261, 279 (1990); Washington v. Harper, 494 U.S. 210, 223, 110 S. Ct. 1028, 1037, 108 L. Ed. 2d 178 (1990). Forced administration of medical care is authorized when the inmate's refusal of treatment places the inmate at risk of harming himself or others. Washington, 494 U.S. at 222-223, 227.

Protecting citizens against communicable diseases through vaccines has been a long-recognized compelling interest of the state. Jacobson v. Commonwealth of Massachusetts, 197 U.S. 11, 12 (1905) (finding city ordinance requiring smallpox vaccination constitutional). Indeed, contracting tuberculosis would place Plaintiff and additional prisoners at harm, and a vaccination would reasonably prevent a prison-wide tuberculosis outbreak.

5

The only countervailing interest put forward by Plaintiff is the mere avoidance of a quick injection and the alleged side effect of nausea. Such interest pales in comparison to the legitimate interest of prison officials in preventing an outbreak. <u>Minor v. Brown</u>, 2012 WL 1410030, at *3 (S.D. Ga. March 27, 2012). Further, considering that "[a] prisoner's constitutional "rights must be exercised with due regard for the 'inordinately difficult undertaking' that is modern prison administration," Plaintiff cannot state a constitutional claim for being administered a tuberculosis vaccine. <u>Harris v. Thigpen</u>, 941 F.2d 1495, 1513 (11th Cir. 1991)

### 3. Plaintiff Cannot State a Constitutional Claim Based on the Alleged Violation of Prison Regulations.

Also fatally flawed is Plaintiff's § 1983 claim based on the alleged violations of Georgia Department of Corrections' ("GDC") Standard Operating Procedure ("SOP") VH82-0001 and 0002. Plaintiff alleges that forcing a tuberculosis vaccination violated his rights under SOP VH82-0001, which prohibits the physical examination of prisoners by force. SOP VH82-0001 § VI(C)(2)(c). However, prison regulations do not grant inmates any particular constitutional right against which a claim can be made. <u>Sandin v. O'Conner</u>, 515 U.S. 472, 481-82 (1995) (noting that many prison regulations "are primarily designed to guide correctional officers in the administration of a prison" and that "such regulations are not designed to confer rights on inmates"). Rather, prison regulations set forth "procedural protections" for prisoners. <u>Id.</u> at 482. As this court has held, "an allegation of non-compliance with a prison regulation by prison officials is not, in itself, sufficient to give rise to a claim upon which relief may be granted." <u>Anthony v. Brown</u>, CV 113-058, 2013 WL

6

3778360, at *4 (S.D. Ga. July 17, 2013). In addition, SOP VH82-0001 prevents forcible physical examinations, not forcible vaccinations.

Plaintiff also alleges that the Defendants violated his constitutional rights by denying him the ability to fill out a refusal of medical care form, in violation of SOP VH82-0002. SOP VH82-0002 § VI(B)(1) ("If the inmate/probationer continues to refuse [treatment], a Refusal of Treatment Against Medical Advice Form (P82-0002.01) will be completed."). This regulation protects prison workers from liability by making recalcitrant prisoners verify in writing that treatment for an illness or injury was offered but rejected by the prisoner. Id. § VI(A)-(B). The regulation does not empower an inmate to refuse a vaccination that is necessary to prevent the outbreak of a deadly and contagious illness. Id. § VI(B). In sum, Plaintiff's allegations with respect to Defendants' violations of prison regulations do not constitute a claim for which relief can be granted, and as such his § 1983 claim must be dismissed.

## I. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be closed.

SO REPORTED and RECOMMENDED this 6th day of August, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA